UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SANDRA GANDY,

        Plaintiff,

v.                                        Case No. 3:19-cv-1067-J-34MCR

OFFICER BOBBY BOATWRIGHT and
HAMILTON COUNTY SHERIFF'S
OFFICE,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Application be **DENIED** and the case be **DISMISSED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

**I.     Introduction**

On September 12, 2019, *pro se* Plaintiff, Sandra Gandy, filed her Application along with her Complaint against Officer Bobby Boatwright and Hamilton County Sheriff's Office for Negligent Intentional [sic] Homicide and Violations of Plaintiff['s] Son Antonio Javar Whetstone['s] 4th Amendment Rights ("Complaint").  (Docs. 1, 2.)  On September 30, 2019, Plaintiff filed her Amended Complaint against Officer Bobby Boatwright and Hamilton County Sheriff's Office, which is virtually identical to the original Complaint.  (Doc. 4.)  The Amended Complaint, like the original Complaint, includes six counts: (1) negligence; (2) "[v]iolations of Antonio Javar Whetstone's 4th Amendment [c]ivil [r]ights"; (3) "[n]egligent [h]omicide[,] [w]rongful [d]eath"; (4) "[l]ack of [r]esponsibility, [d]ue [c]are, and [c]over up"; (5) misconduct; and (6) "[c]ode of [s]ilence."  (*Id.*)

Specifically, Plaintiff alleges that on December 11, 2005, her son was in a hotel room with a white female at the Florida Inn in Jennings, Florida, when someone tried to break into the room, prompting her son to call 911.  (*Id.* at 5-6, 8.)  Officer Boatwright was dispatched to the scene where he found the alleged intruder, Lavita Channel Daniels.  (*Id.* at 6.)  Officer Boatwright allegedly assumed[2] that Plaintiff's son was armed and dangerous, tased him numerous

---

[2] Officer Boatwright testified in his deposition that Plaintiff's son had a gun, but since there was "no gunpowder residue[] on the victim," Plaintiff asks for an investigation by the Federal Bureau of Investigation ("FBI").  (Doc. 4 at 5, 10.)

2

times, and unloaded his weapon on him, which caused his untimely death.  (*See id.* at 5-6, 11.)

Plaintiff alleges that Officer Boatwright's actions were unreasonable, unnecessary, careless, wanton, willful, reckless, intentional, knowing, and in violation of Hamilton County Sheriff's Office policy of reasonable action to mitigate an on-scene situation.  (*See id.* at 5, 7-9.)  Plaintiff further alleges that Officer Boatwright used excessive force in violation of her son's Fourth Amendment rights, which was the proximate cause of his death.  (*Id.* at 6-8.)

In addition, Plaintiff alleges that Hamilton County Sheriff's Office failed to investigate Officer Boatwright's careless and wanton actions, engaged in a cover-up (as the decedent allegedly did not have a gun on his person and Officer Boatwright planted one at the scene), failed to properly train Officer Boatwright, and "allowed a culture of misconduct to fester amongst its officers."  (*Id.* at 6, 9-12.)  The Complaint seeks, *inter alia*, money damages for Plaintiff and her family's mental anguish, pain and suffering, fear, anxiety, and depression.  (*Id.* at 6, 9-10, 12-13.)

## II.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the Application sufficiently demonstrates that Plaintiff meets the financial criteria and

is therefore entitled to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss the case *sua sponte*, if it determines at any time that it lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)). To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of her claims. Fed.R.Civ.P. 8(a). This statement of facts must show the plausibility of Plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S.

319, 328 (1989).  "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)), *cert. denied*, 534 U.S. 1044 (2001).  Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  *Bilal*, 251 F.3d at 1349.

To state a claim for relief under 42 U.S.C. § 1983,[3] a plaintiff must allege, first, a violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In addition, for liability under § 1983, a plaintiff must allege an affirmative causal connection between the defendant's conduct and the alleged constitutional deprivation.  *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).

Finally, the pleadings of *pro se* litigants, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted

---

[3] 42 U.S.C. § 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

5

by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Further, courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed.R.Civ.P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## III.   Discussion

Although Plaintiff's Amended Complaint does not specifically reference 42 U.S.C. § 1983, the Court assumes this is the avenue by which Plaintiff seeks to state her claims. As an initial matter, it should be noted that Plaintiff has attempted to raise these same claims, through counsel, in two previous civil rights lawsuits filed in this Court. On December 11, 2007, Plaintiff, as Personal Representative of the Estate of Antonio Java Whetstone, sued Officer Boatwright (in his official and individual capacities) and Hamilton County Sheriff Harrell Reid (in his official capacity), pursuant to 42 U.S.C. §§ 1983 and 1988. *See Gandy v.*

*Reid*, Case No. 3:07-cv-1172-J-33MCR (M.D. Fla. Dec. 11, 2007). That case was voluntarily dismissed without prejudice on July 24, 2008. Because Plaintiff's 2007 lawsuit was dismissed without prejudice, it does not have a *res judicata* effect on the present action since a dismissal without prejudice is not an adjudication on the merits. *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).

However, on December 10, 2009, Plaintiff, as Personal Representative of the Estate of Antonio Java Whetstone, deceased, filed another civil rights action against J. Harrell Reid, in his official capacity as Sheriff of the Hamilton County Sheriff's Office, Jasper, Florida, pursuant to 42 U.S.C. §§ 1983 and 1988. *See Gandy v. Reid*, Case No. 3:09-cv-1214-J-34JBT (M.D. Fla. Dec. 10, 2009). Plaintiff initiated the 2009 action through counsel, but her counsel was permitted to withdraw on February 22, 2011. On September 29, 2011, the Court granted Defendant Reid's motion for summary judgment, which was affirmed on appeal by the Eleventh Circuit on March 4, 2013. (Docs. 35 & 42 in Case No. 3:09-cv-1214-J-34JBT.) The question then is whether the 2009 action has a *res judicata* effect on the present action.

"*Res judicata* or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).

> In order for the doctrine of *res judicata* to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent

> jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*Id.*

Here, there was a final judgment on the merits in the 2009 action in favor of Defendant J. Harrell Reid, in his official capacity as Sheriff of Hamilton County Sheriff's Office, and against Plaintiff Sandra P. Gandy, a Personal Representative of the Estate of Antonio J. Whetstone, deceased. Second, the decision was rendered by this Court—a court of competent jurisdiction—and affirmed on appeal by the United States Court of Appeals for the Eleventh Circuit.

Further, the same cause of action is involved in both cases. "The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." *I.A. Durbin*, 793 F.2d at 1549. "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Id.* "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999). "Among the factors relevant to a determination whether the facts are so woven together as to constitute a single claim are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." *Id.* at 1239 n.8. "[E]ven when there is not a substantial overlap, the

8

second action may be precluded if it stems from the same transaction or series." *Id.* "[F]or *res judicata* purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action." *Id.* at 1240.

Here, the claims in the present action were in existence at the time the 2009 action was filed; in fact, the claims in both actions grew out of the same nucleus of operative fact and are based upon the same factual predicate. Specifically, the claims in both actions arose out of the events that took place on December 11, 2005 at the Florida Inn in Jennings, Florida, following the 911 call and the dispatch of Officer Boatwright to the scene, which ultimately led to the untimely death of Plaintiff's son, Antonio Whetstone.[4]  Thus, Plaintiff was

---

[4] The fact that Plaintiff did not previously allege in her pleading (but only in her response to defendant's motion for summary judgment) a claim for negligent failure to train does not dictate a different outcome in the present case. *See NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) ("*Res judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact."). As the Court stated in the order granting summary judgment in favor of defendant in the 2009 case, the inclusion of such claims would not change the Court's decision because:
> In regards to Plaintiff's failure to train allegation, the Eleventh Circuit has repeatedly held that "without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." *Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998).  Here, Plaintiff has provided no evidence that Defendant Reid had or should have had notice of a need to train Officers regarding the use of deadly force.  Indeed, Plaintiff does not cite even one instance of prior constitutional violation or unreasonable use of deadly force by an employee of Hamilton County Sheriff's Office.  On the other hand, Defendant has put forth evidence that there have only been two prior instances involving the use of deadly force by his employees during the seventeen-year period preceding December 11, 2005, neither of which resulted in a complaint claiming that the use was unjustified or unconstitutional. . . .

9

undoubtedly aware of and could have raised her currently pending claims in the 2009 action.

The third element—identity of the parties—concerns two sets of persons. *Hunt*, 891 F.2d at 1560.  "The first set is comprised of those persons who were actual parties in the original action."  *Id.*

> The second set of persons to whom *res judicata* applies is composed of those persons who are or were in privity with the parties to the original suit. . . .  Privity is defined as "a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." . . .  Privity exists where the nonparty's interests were represented adequately by the party in the original suit. . . .  Privity also exists where a party to the original suit is 'so closely aligned to a nonparty's interest as to be his virtual representative.

*Id.* at 1560-61.

Plaintiff in both actions is the same.[5]  The sole defendant in the 2009 action was J. Harrell Reid, in his official capacity as Sheriff of Hamilton County

---

(Doc. 35 at 10 n.6 in Case No. 3:09-cv-1214-J-34JBT.)

Here, as in the 2009 case, Plaintiff has not alleged "even one instance of prior constitutional violation or unreasonable use of deadly force by an employee of Hamilton County Sheriff's Office."  (*Id.*)  "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."  *Ramirez v. Hillsborough Cnty. Sheriff's Office*, No. 8:10-cv-1819-T-23TBM, 2011 WL 976380, *5 (M.D. Fla. Mar. 18, 2011) (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985)).

[5] While the 2009 action was brought by Plaintiff as Personal Representative of the Estate of her deceased son, in that action Plaintiff sought the same relief that she seeks now.  Also, the Court's warning in the 2009 action that it was unlikely that Plaintiff would be allowed to proceed *pro se* as a personal representative (*see* Doc. 21 at 2 n.2 in Case No. 3:09-cv-1214-J-34JBT), may have impacted Plaintiff's decision to bring the present action solely in her name.

Sheriff's Office. Rather than name the Sheriff in his official capacity as a party Defendant again, Plaintiff now improperly names Hamilton County Sheriff's Office as a Defendant. However, Hamilton County Sheriff's Office "is not a legal entity with the capacity to be sued." *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1360 (S.D. Fla. 2016). "[T]he Florida Constitution creates within each county a sheriff and describes the sheriff, quite properly, as a 'constitutional officer' of Florida." *Ramirez*, 2011 WL 976380 at *1. Section 768.28(9)(a) of the Florida Statutes provides that the "exclusive remedy" for an injury or damage allegedly caused by "an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers" is an action against "the constitutional officer of which the officer, employee, or agent is an employee." Fla. Stat. § 768.28(9)(a). Thus, the Sheriff in his official capacity, and not the Sheriff's Office, "is the proper party to an action against the Sheriff or any employee of the Sheriff's Office." *Navarro*, 192 F. Supp. 3d at 1361. Even if Plaintiff is permitted to amend her pleading to name the proper Defendant in place of "Hamilton County Sheriff's Office," her claims against that Defendant would nevertheless be barred by *res judicata*.

Plaintiff also adds Officer Bobby Boatwright as an additional Defendant in this action without specifying in what capacity he is being sued. To the extent he is being sued in his official capacity, the claims against him would also be barred by *res judicata*, because "[w]hen a law enforcement officer 'is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an

11

action against an entity of which an officer is an agent.'" *Davis v. Davis*, 551 F. App'x 991, 995-96 (11th Cir. 2014) (per curiam) ("Given that (1) Davis's claim against the three deputy sheriffs in their official capacities in *Davis II* were actually claims against Sheriff Lamberti and (2) Sheriff Lamberti was a party in *Davis I*, the 'identical parties' requirement is met for Davis's claims against the three deputy sheriffs in their official capacities.")

In any event, it appears that Plaintiff is adding this new Defendant in order to avoid the preclusive effects of *res judicata*, but, as in *Ardis*, her effort "is duplicitous and to no avail." *Ardis v. Anderson*, 662 F. App'x 729, 732 (11th Cir. 2016) (per curiam). In the Eleventh Circuit, "a party may not avoid the application of *res judicata* by adding new parties." *Ardis*, 662 F. App'x at 732 (internal quotation marks omitted); *see also Endsley v. City of Macon, GA*, 321 F. App'x 811, 813 (11th Cir. 2008) (per curiam) (stating that "the application of *res judicata* may not be avoided by the addition of new parties in a subsequent suit where the new parties' 'alleged liability is predicated on the same operative facts and acts of misconduct which were the subject of the original suit'"). The claims Plaintiff asserts against Officer Boatwright could and should have been brought in the prior lawsuit, as they stem from the same nucleus of operative fact and are based upon the same factual predicate. Based on the foregoing, the four above-quoted elements are satisfied and Plaintiff's claims in this action are barred by the doctrine of *res judicata*.

Even assuming that Plaintiff's claims in this case were not barred by *res judicata*, they would be barred by the statute of limitations. Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation periods prescribed by the state in which the litigation arose. In all § 1983 actions, the state limitations statute governing personal injury claims should be applied. *See Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985); *Mullinax v. McElhenney*, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under *Wilson*, the proper limitations period for all § 1983 actions in Florida is the four-year limitations period set forth in Section 95.11(3) of the Florida Statutes. In sum, the appropriate limitations period for Plaintiff's federal constitutional claims is four years:

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); *Baker v. Gulf & Wester Industries, Inc.*, 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

*Omar ex. re. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (appendix).

As stated earlier, the allegations in the Amended Complaint concern events that allegedly occurred in 2005. Thus, Plaintiff's § 1983 action appears barred by the statute of limitations and, as such, it should be dismissed as frivolous. *See Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640

n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."). Based on the foregoing, even when construing the allegations in the Amended Complaint liberally, the undersigned finds that permitting Plaintiff leave to further amend her pleading would be futile. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("To prevent such abusive or captious litigation, §1915(d) [now §1915(e)(2)(B)] authorizes federal courts to dismiss a claim filed in forma pauperis . . . if satisfied that the action is frivolous or malicious.").

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Application be **DENIED**; the case be **DISMISSED**; and the Clerk of Court be directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 6, 2019.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff

14